**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

<table>
<tr><td>VIRTU FINANCIAL, INC.,<br><br>               Plaintiff,<br><br>   vs.<br><br>UNITED STATES SECURITIES AND<br>EXCHANGE COMMISSION,<br><br>           Defendant.</td><td>Case No. 22-cv-10088</td></tr>
</table>

<u>**COMPLAINT**</u>

<u>**NATURE OF THE ACTION**</u>

1.      Plaintiff Virtu Financial, Inc. ("Virtu") by and through its undersigned counsel, Paul, Weiss, Rifkind, Wharton & Garrison LLP ("Plaintiff's counsel"), brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, based on the wholesale failure by Defendant, United States Securities and Exchange Commission ("SEC" or the "agency"), to provide a prompt and reasonable response to a FOIA request submitted on behalf of Virtu. Remarkably, more than five months after submission of the request, Defendant has failed to produce a single responsive document, even though such documents plainly exist.

2.      By way of background, SEC Chair Gary Gensler has directed staff to develop new rules concerning retail stock order handling and execution. *See*, *e.g.*, Chair Gary Gensler, "*Market Structure and the Retail Investor": Remarks Before the Piper Sandler Global Exchange Conference*, U.S. Securities and Exchange Commission (June 8, 2022), <www.sec.gov/news/speech/gensler-remarks-piper-sandler-global-exchange-conference-060822>. The type of rules described by Chair Gensler are likely to bring sweeping changes to the routing and processing of retail stock trades, with enormous consequences for investors and other market participants. The changes described will significantly impede, among other things,

the quality of execution, the no-commission trading ecosystem presently available to retail investors and other benefits realized by investors based on the current U.S. market structure.

3.     Virtu is a leading global market maker with a significant interest in ensuring the success and efficiency of the retail securities market structure in the United States.  In order to determine whether the national securities market rulemaking process has involved an appropriate evaluation of investor and market risks, whether the SEC has solicited input from sufficiently broad and informed sources and whether there has been a bias in the rule development process, Plaintiff's counsel served a FOIA request on the SEC in June 2022 on behalf of Virtu.  That request sought, among other things, communications between senior members of the SEC Staff and various third-party stakeholders involved in the retail stock trading structure.  Plaintiff's purpose in seeking that information is to better understand the rulemaking process in advance of the public comment period on whatever proposed rules the agency promulgates—rules that may be announced as soon as December 14, 2022, according to press reports.

4.     To date, however, Defendant has failed to provide a *single* document in response to this request, even though such materials plainly exist.  Indeed, the failure by the agency to provide responsive materials is particularly alarming because it is clear that the SEC has met with select constituencies, including national stock exchanges and others that stand to benefit financially from the proposals being described by SEC staff.  The FOIA request included, as Appendix A, a list of meetings with these constituencies on Chair Gensler's publicly available calendar from April 19, 2021, through March 31, 2022.  (Undoubtedly, there have been other meetings since March 2022; however, upon information and belief, the Chair inexplicably stopped publicly releasing his calendar of meetings in June 2022.)  The entries in Appendix A show repeated and extensive interactions between Chair Gensler and national stock exchanges.  In

contrast, the agency has accepted only very limited input from investors and other national securities market participants that are likely to be adversely affected by the forthcoming rules.

5.      Plaintiff seeks to contribute to the rulemaking process in a productive manner by filing comments and engaging with the staff during the forthcoming public comment periods. Among other things, Plaintiff seeks to ensure that the rulemaking process has appropriately weighed the costs and benefits of potential rule changes, including investor and market risks. Plaintiff further seeks to determine whether the agency has received input from sufficiently diverse and informed sources.  And Plaintiff seeks to confirm whether there has been impermissible bias in the rulemaking process.

6.      In the five months since submission of the FOIA request, Plaintiff's counsel repeatedly has inquired as to the status of the request and, at the request of the SEC, has narrowed the request in a good-faith effort to expedite Defendant's search and production.   Still, no documents have been produced by Defendant.

7.      Defendant's continued delay raises a significant concern that it is engaged in gamesmanship.  Proposed rules are expected within weeks according to media reports.  *See* Charles Gasparino, @CGasparino, Twitter (Nov. 21, 2022, 11:38 AM), <https://twitter.com/cgasparino/status/1594732008697389056>; Katherine Doherty and Lydia Beyoud, *SEC to Push Bond and Option Brokers for Better Prices on Trades*, Bloomberg (Nov. 23, 2022) <https://www.bloomberg.com/news/articles/2022-11-23/sec-to-push-bond-and-option-brokers-for-better-prices-on-trades>.  Because of Defendant's continuing delay in providing responsive materials, it now appears likely that Plaintiff will not receive responsive materials until after proposed rules already have been announced.

8.      Defendant should not be permitted to evade production of responsive materials, until Plaintiff's ability to comment effectively on the proposed rules has expired.  The need to have the requested information promptly is particularly acute given Defendant's recent and frequent practice of using short comment periods for newly-proposed rules, which severely limits the public's ability to provide meaningful responses to proposed rules.  *See*, *e.g.*, Commissioner Mark T. Uyeda, *Statement on the Final Rule Related to Listing Standards for Recovery of Erroneously Awarded Compensation*, U.S. Securities and Exchange Commission (Oct. 26, 2022), <www.sec.gov/news/statement/uyeda-statement-clawbacks-102622>; Commissioner Hester M. Peirce, *Exclusion Preclusion: Statement on the Shareholder Proposals Proposal*, U.S. Securities and Exchange Commission (July 13, 2022), <www.sec.gov/news/statement/peirce-statement-shareholder-proposals-proposal-071322>.

9.      As demonstrated below, Defendant has engaged in a clear pattern of stonewalling and evasion in response to this FOIA request.

10.     National securities market participants and retail investors deserve information about the rulemaking process, including the sources of information received by the agency and the possibility of bias.  Without that information, interested parties will be hamstrung in their ability to comment on the proposed rules, including the agency's weighing of the risks to investors and the market.

11.     To that end, Plaintiff seeks declaratory and injunctive relief to ensure that Defendant produces all responsive, non-exempt documents without further delay.

## JURISDICTION AND VENUE

12.     This Court has jurisdiction under 28 U.S.C. § 1331.

13.     Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).  Plaintiff has its principal place of business in this District, and Defendant is an agency of the United States.

<div align="center">

**PARTIES**

</div>

14.     Plaintiff Virtu Financial, Inc. is an American company that provides financial services, trading products and market making services with its principal place of business at 1633 Broadway, New York, NY 10019.  Plaintiff has a significant interest in SEC rulemaking concerning retail stock order handling and execution.

15.     Defendant is an agency of the United States within the meaning of 5 U.S.C. § 552(f)(1).  Its headquarters are located at 100 F Street, N.E., Washington, DC 20549.

<div align="center">

**SUBSTANTIVE ALLEGATIONS**

</div>

**I.      DEFENDANT'S OBLIGATIONS UNDER THE FREEDOM OF INFORMATION ACT**

16.     FOIA requires Defendant promptly to make available all requested records that are not exempt from disclosure.  *See* 5 U.S.C. § 552(a)(3)(A); 17 C.F.R. § 200.80(b)(3).

17.     FOIA requires Defendant to make reasonable efforts to search for records that are responsive to a request.  *See* 5 U.S.C. § 552(a)(3)(C).

18.     FOIA requires Defendant to, among other things, respond to a request within twenty "working days," which exclude Saturdays, Sundays and legal public holidays.  5 U.S.C. § 552(a)(6)(A)(i); *see also* 17 C.F.R. § 200.80(d)(2).  Unless an exception applies, Defendant must notify the requester of its determination and the reasons for that determination.  *See* 5 U.S.C. § 552(a)(6)(A)(i); *see also* 17 C.F.R. § 200.80(d)(2).

19.     If Defendant does not meet its statutory obligations within the statutory deadline, administrative remedies are deemed exhausted and judicial review is appropriate.  *See* 5 U.S.C. § 552(a)(6)(C)(i).

## II.     THE SUBJECT FOIA REQUEST

20.     On June 21, 2022, Plaintiff's counsel submitted a FOIA request to Defendant on Plaintiff's behalf.  The request concerned communications between SEC officials and various national securities market participants regarding retail stock order handling and execution.  *See* Ex. A.

21.     Specifically, the FOIA request sought access to:

(a)     Records sufficient to show any persons or entities, including representatives of Exchanges, Market-Makers, Retail Broker-Dealers, Industry Organizations, or Other Market Participants, who had communications with the SEC regarding retail stock order handling and execution, the national best bid and offer (the "NBBO"), payment for order flow ("PFOF"), price improvement, the concept of order-by-order competition, or the routing of retail stock orders including to auctions.

(b)     To the extent not already produced in response to the previous request, records sufficient to show the location and time of communications between any persons or entities, including representatives of Exchanges, Market-Makers, Retail Broker-Dealers, Industry Organizations, or Other Market Participants, and the SEC regarding retail stock order handling and execution, the NBBO, PFOF, price improvement, the concept of order by-order competition, or the routing of retail stock orders including to auctions.

(c)     To the extent not already produced in response to the previous requests, all records evidencing or concerning any communications between any persons or entities, including representatives of Exchanges, Market-Makers, Retail Broker-Dealers, Industry Organizations, or Other Market Participants, on the one hand, and the SEC, on the other hand, regarding retail stock order handling and execution, the NBBO, PFOF, price improvement, the concept of order-by-order competition, or the routing of retail stock orders including to auctions.

(d)     To the extent not already produced in response to the previous requests, all records evidencing or concerning the communications referenced in Chair Gary Gensler's public calendar set out in Appendix A to the Request.

(e)     To the extent not already produced in response to the previously requests, all records relating to the remarks of Chair Gensler at the June 8, 2022 Piper Sandler

Global Exchange Conference, which are available at https://www.sec.gov/news/speech/gensler-remarks-piper-sandler-global-exchange-conference-060822.

22.     The request set forth a non-exhaustive list of types of information to be included in the terms "record."  Ex. A, at 2.

23.     The request defined the terms "Exchanges," "Market-Makers," "Retail Broker-Dealers," "Industry Organizations," and "Other Market Participants."  *Id*. at 2-3, nn. 2-6.

24.     The request specified that the time period for the records requested is "April 1, 2021 to present."  *Id*. at 2.

## III.     DEFENDANT'S FAILURE TO MAKE A PROMPT, REASONABLE RESPONSE

25.     On June 22, 2022, Defendant's Office of FOIA Services sent a letter to Plaintiff's counsel acknowledging receipt of the request, assigning tracking number 22-02323-FOIA to the request and advising that the request would be "assigned to a Research Specialist for processing" who would notify Plaintiff's counsel "of the findings as soon as possible."  Ex. B.

26.     In the June 22 letter, Defendant stated that if Plaintiff's counsel did "not receive a response after thirty business days from when [Defendant] received [the] request," Plaintiff's counsel would have "the right to seek dispute resolution services from an SEC FOIA Public Liaison or the Office of Government Information Services (OGIS)."  Ex. B.

27.     By statute, Defendant was required to respond to the request with a determination and the reasons for that determination by July 21, 2022, which was 20 working days from June 22. *See* 5 U.S.C. § 552(a)(6)(A)(i).

28.     Defendant did not respond by July 21, 2022, or invoke any statutory exception to its obligation to respond.  Administrative remedies were therefore constructively exhausted as of July 21, 2022.

29.     On July 29, 2022, Plaintiff's counsel sent another letter to the Office of FOIA Services, seeking a response to its request.  *See* Ex. C.

30.     On August 2, 2022, the Office of FOIA Services sent a letter informing Plaintiff's counsel that it had "determined that [its] request is improper because the scope of the requested records is too broad."  Ex. D, at 2.  That letter also asked Plaintiff's counsel to "provide a succinct description of records [it] seek[s] (e.g., by specific staff member or office, topic/issue, etc.)" by August 15, 2022 "to indicate as specifically as possible what types of records [it is] requesting." *Id*.

31.     The August 2 letter further stated that if Plaintiff's counsel "consider[ed] this response to be a denial of [its] request or an adverse determination for any other reason," Plaintiff's counsel could submit an appeal to the SEC's General Counsel under 5 U.S.C. § 552(a)(6) and 17 CFR § 200.80(f)(1).

32.     On the same day, Plaintiff's counsel sent a letter to the Office of FOIA Services. Plaintiff's counsel rejected Defendant's characterization of the FOIA request and, in a good-faith effort to resolve the dispute, narrowed the request to include only nine custodians at the SEC.  *See* Ex. E.

33.     The August 2 letter from Plaintiff's counsel also asked that materials responsive to the request be provided to it no later than August 16, 2022.  *Id*. at 2.

34.     On August 23, 2022, Plaintiff's counsel sent a letter to Defendant's Office of the General Counsel appealing Defendant's failure to provide responsive documents on a timely basis. Ex. F.

35.     On August 24, 2022, the Office of FOIA Services sent a letter acknowledging receipt of the appeal on August 23, 2022, and assigning tracking number 22-00526-APPS for processing by the Office of the General Counsel.  *See* Ex. G.

36.     On September 6, 2022, the Office of the General Counsel sent Plaintiff's counsel a letter in response to the August 24 appeal.  That letter "confirmed that the FOIA Office is still reviewing [the] narrowed FOIA request" and "remand[ed] this matter to the FOIA Office and request[ed] that the FOIA Officer process this request **as expeditiously as possible**."  Ex. H, at 1 (emphasis added).

37.     Also on September 6, 2022, Plaintiff's counsel emailed the Office of FOIA Services, referring to the Office of the General Counsel's letter dated that same day and seeking an update on the status of its request.  Ex. I, at 17 (email string with email communications between Plaintiff's counsel, the Office of FOIA Services and/or the Office of the General Counsel of the SEC from Aug. 26, 2022 to Oct. 31, 2022).

38.     On September 12, 2022, Plaintiff's counsel sent another email to the Office of FOIA Services.  Plaintiff's counsel once again requested an update on the status of its request.  *Id*. at 16.

39.     On September 13, 2022, a representative of the Office of FOIA Services emailed Plaintiff's counsel, stating that the office was "awaiting the results of [the] modified request" and that the Office of FOIA Services did not "have an estimated time of completion."  *Id*.

40.     On September 14, 2022, Plaintiff's counsel emailed the Office of FOIA Services and asked for an update on "when we should expect to receive responsive materials as soon as possible."  *Id*. at 15.

41.    Between September 22 and October 11, 2022, Plaintiff's counsel exchanged eight more emails with the Office of FOIA Services and the Office of the General Counsel. Plaintiff's counsel requested updates on the status of the FOIA request, and representatives of Defendant stated that the request was still being processed. *Id*. at 10-15.

42.    On October 11, 2022, the Office of FOIA Services sent Plaintiff's counsel an email stating that it "anticipate[d] a search completion date between December 2022 – January 2023." *Id*. at 11.

43.    Between October 21 and October 31, 2022, Plaintiff's counsel and the Office of the General Counsel exchanged additional emails and participated in two telephone calls to discuss the scope and speed of Defendant's search for responsive materials. Among other things, on October 21, Plaintiff's counsel informed Defendant that it "strongly object[s] to the continued delay and [the] proposed timeline for production in December 2022 or January 2023." *Id*. at 10. Plaintiff's counsel also agreed to further narrow the request, on the condition that it receive a good-faith initial production of responsive materials by November 11, 2022.

44.    Plaintiff's counsel made clear the purpose of the request and the need for a prompt response. On October 21, 2022, Plaintiff's counsel emailed representatives of the Office of the General Counsel and Office of FOIA Services, expressing a concern "that the continuing delay in providing us with responsive materials violates our rights (and the agency's obligations) under FOIA and could render the process futile." *Id*. Plaintiff's counsel emphasized that the "requests are intended to obtain information regarding the national securities market rulemaking process including, among other things, whether there has been an appropriate evaluation of investor/market risk, whether the agency has solicited input from sufficiently broad and informed sources and whether there has been a bias in the rule development process." *Id*. Plaintiff's counsel highlighted

the concern that it was becoming "possible that we may not receive responsive materials until after the proposed rules already have been announced," which "could completely defeat [the] ability to have a positive impact on the process." *Id*. The email further stated: "It is inconceivable that some responsive documents have not already been collected. There is no reason that we should have to wait until the end of the protracted process . . . before beginning to receive materials." *Id*.

45. On November 10, 2022, Plaintiff's counsel received an Interim Decision from the Office of FOIA Services, stating that Defendant had completed its search "for all for [*sic*] non-email correspondence with external parties relating to the National Securities Market Rulemaking and the meetings identified in Appendix A to your request." Ex. J, at 3. The Interim Decision further stated that Defendant's "search did not locate any responsive non-email correspondence." *Id*. The Interim Decision also stated that Defendant did not locate "any responsive text messages with external parties that relate to the National Securities Market Rulemaking or contain any of the [above-referenced] six search terms." *Id*. The Interim Decision noted that Defendant anticipated it would "be able to complete the remaining text message searches (for Chair Gensler and Sai Rao) in the next seven to ten days" and that Defendant would "advise [Plaintiff's counsel] of the search results shortly thereafter." *Id*. The Interim Decision further noted that Defendant "anticipate[d] receiving the email search results within the next two weeks" and would "provide interim releases on a rolling basis." Finally, Defendant stated its intention to send "either, a progress update or a third interim response, no later than November 23, 2022." *Id*.

46. Despite its stated intention and consistent with its pattern of stonewalling and delay, Defendant failed to provide a progress update or any further response on or prior to November 23, 2022.

47.     To date, Defendant has produced no responsive materials in response to the FOIA request, although such materials obviously exist.   The failure by Defendant to provide the requested materials is irresponsible, unreasonable and a blatant violation of Defendant's obligations under FOIA.

48.     Plaintiff is suffering irreparable harm because Defendant is unlawfully withholding requested records.

## CLAIM

## COUNT I:  VIOLATION OF THE FREEDOM OF INFORMATION ACT

## 5 U.S.C. § 552

49.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 48 of this Complaint.

50.     The FOIA request was sent to Defendant's Office of FOIA Services, the agency component designated by Defendant to receive FOIA requests directed to Defendant.  The FOIA request was received by that office on June 22, 2022.  The 20-day period to respond commenced on June 23, 2022.  Excluding weekends and legal public holidays, Defendant was required to make its determination and provide the required response by July 21, 2022.  Defendant failed to notify Plaintiff's counsel of its determination and the reasons for its determination by July 21, 2022.

51.     Defendant has failed to undertake a reasonable search and reasonably respond to the FOIA request.  Indeed, Defendant has failed to produce any records responsive to the request or demonstrate that responsive records are exempt from production.

52.     Defendant has not invoked any unusual circumstances that would justify its delay.

53.     Plaintiff is entitled to declaratory and injunctive relief for Defendant's delay and unlawful withholding of documents under FOIA.  *See* 5 U.S.C. § 552(a)(4)(B).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks an order:

(a)     requiring Defendant to conduct a reasonable search for all records responsive to the subject FOIA request.

(b)     enjoining Defendant from continuing to withhold non-exempt records responsive to the subject FOIA request;

(c)     setting a reasonable deadline for Defendant to produce all non-exempt records responsive to the subject FOIA request and a *Vaughn* index of any responsive records, or portions thereof, withheld as exempt;

(d)     declaring that Defendant's actions violated Plaintiff's rights under FOIA;

(e)     awarding Plaintiff its reasonable attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

(f)     granting all further relief to which Plaintiff may be entitled.

Dated:   November 29, 2022

<div style="margin-left:40%">

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

By:  */s/ Lorin L. Reisner*
Lorin L. Reisner
Andrew G. Gordon
Jessica S. Carey
Kristina Bunting
1285 Avenue of the Americas
New York, NY  10019-6064
Phone:  (212) 373-3000
Fax:  (212) 757-3990
lreisner@paulweiss.com

*Attorneys for Plaintiff Virtu Financial, Inc.*

</div>