**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| VIRTU FINANCIAL, INC., <br><br> Plaintiff, <br> v. <br><br> UNITED STATES SECURITIES AND EXCHANGE COMMISSION, <br><br> Defendant. | Case No. 1:22cv10088 (VSB) <br><br> **DEFENDANT UNITED STATES SECURITIES AND EXCHANGE COMMISSION'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT** |

Defendant United States Securities and Exchange Commission ("Defendant"), by and through its undersigned counsel, hereby sets forth the following Answer and Affirmative Defenses to Plaintiff Virtu Financial, Inc.'s ("Plaintiff") Complaint ("Complaint"). Any allegation, averment, contention, or statement in the Complaint not specifically admitted is denied, including any statement in a heading or subheading. Defendant responds to each of the paragraphs in the Complaint as follows:

### RESPONSE TO "COMPLAINT"

### RESPONSE TO "NATURE OF THE ACTION"

**Paragraph 1**: Plaintiff Virtu Financial, Inc. ("Virtu") by and through its undersigned counsel, Paul, Weiss, Rifkind, Wharton & Garrison LLP ("Plaintiff's counsel"), brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, based on the wholesale failure by Defendant, United States Securities and Exchange Commission ("SEC" or the "agency"), to provide a prompt and reasonable response to a FOIA request submitted on behalf of Virtu. Remarkably, more than five months after submission of the request, Defendant has failed to produce a single responsive document, even though such documents plainly exist.

 1. Defendant admits that Plaintiff has filed a lawsuit seeking the production of documents under the Freedom of Information Act ("FOIA"). The remaining allegations contained in the first sentence of paragraph 1 consist of Plaintiff's characterization of its lawsuit

to which no response is required, but to the extent a response is required, Defendant denies the allegations.  Defendant denies the allegations in the second sentence of paragraph 1.

**Paragraph 2**:  By way of background, SEC Chair Gary Gensler has directed staff to develop new rules concerning retail stock order handling and execution.  *See*, *e.g.*, Chair Gary Gensler, *"Market Structure and the Retail Investor": Remarks Before the Piper Sandler Global Exchange Conference*, U.S. Securities and Exchange Commission (June 8, 2022), <www.sec.gov/news/speech/gensler-remarks-piper-sandler-global-exchange-conference-060822>.  The type of rules described by Chair Gensler are likely to bring sweeping changes to the routing and processing of retail stock trades, with enormous consequences for investors and other market participants.  The changes described will significantly impede, among other things, the quality of execution, the no-commission trading ecosystem presently available to retail investors and other benefits realized by investors based on the current U.S. market structure.

2.      Defendant admits that it proposed four rules for public comment on December 14, 2022, which are titled, "Regulation Best Execution," "Order Competition Rule," "Regulation NMS: Minimum Pricing Increments, Access Fees, and Transparency of Better Priced Orders," and "Disclosure of Order Execution Information" (collectively, the "Proposed Rules").  The Proposed Rules speak for themselves and are the best evidence of their contents.  The remaining allegations contained in paragraph 2 refer to Chair Gensler's public statements, which speak for themselves and are the best evidence of their contents, or consist of Plaintiff's characterization of the effect of the proposed rules to which no response is required.  To the extent a response is required, Defendant denies Plaintiff's allegations.

**Paragraph 3**:  Virtu is a leading global market maker with a significant interest in ensuring the success and efficiency of the retail securities market structure in the United States.  In order to determine whether the national securities market rulemaking process has involved an appropriate evaluation of investor and market risks, whether the SEC has solicited input from sufficiently broad and informed sources and whether there has been a bias in the rule development process, Plaintiff's counsel served a FOIA request on the SEC in June 2022 on behalf of Virtu.  That request sought, among other things, communications between senior members of the SEC Staff and various third-party stakeholders involved in the retail stock trading structure.  Plaintiff's purpose in seeking that information is to better understand the rulemaking process in advance of the public comment period on whatever proposed rules the agency promulgates—rules that may be announced as soon as December 14, 2022, according to press reports.

   3.  Defendant denies the allegations in the first sentence of paragraph 3 because it is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.  With respect to the remaining allegations in paragraph 3, Defendant admits that Plaintiff submitted a FOIA request on June 21, 2022 (the "FOIA Request").  Defendant further admits that it proposed the Proposed Rules for public comment on December 14, 2022.  The FOIA Request and the Proposed Rules speak for themselves and are the best evidence of their contents.  The remaining allegations in paragraph 3 refer to Plaintiff's motivations for submitting the FOIA Request to which no response is required, but to the extent a response is required, Defendant denies the allegations because it is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

**Paragraph 4**:  To date, however, Defendant has failed to provide a single document in response to this request, even though such materials plainly exist.  Indeed, the failure by the agency to provide responsive materials is particularly alarming because it is clear that the SEC has met with select constituencies, including national stock exchanges and others that stand to benefit financially from the proposals being described by SEC staff.  The FOIA request included, as Appendix A, a list of meetings with these constituencies on Chair Gensler's publicly available calendar from April 19, 2021, through March 31, 2022. (Undoubtedly, there have been other meetings since March 2022; however, upon information and belief, the Chair inexplicably stopped publicly releasing his calendar of meetings in June 2022.)  The entries in Appendix A show repeated and extensive interactions between Chair Gensler and national stock exchanges.  In contrast, the agency has accepted only very limited input from investors and other national securities market participants that are likely to be adversely affected by the forthcoming rules.

   4.  Defendant denies the allegations in the first sentence of paragraph 4.  Defendant admits that the meetings identified in Appendix A are among those that are disclosed in Chair Gensler's publicly available calendar, which can be found at https://www.sec.gov/foia/docs/sec-chair-calendar, and that Chair Gensler has had other meeting since March 2022, but denies Plaintiff's characterization of those meetings and the remaining allegations in paragraph 4.

**Paragraph 5**:  Plaintiff seeks to contribute to the rulemaking process in a productive manner by filing comments and engaging with the staff during the forthcoming public comment periods. Among other things, Plaintiff seeks to ensure that the rulemaking process has appropriately weighed the costs and benefits of potential rule changes, including investor and market risks.

Plaintiff further seeks to determine whether the agency has received input from sufficiently diverse and informed sources. And Plaintiff seeks to confirm whether there has been impermissible bias in the rulemaking process.

5.      The allegations in paragraph 5 refer to Plaintiff's motivations for submitting the FOIA Request and Plaintiff's planned activities during the rulemaking process to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 5 because it is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

**Paragraph 6**: In the five months since submission of the FOIA request, Plaintiff's counsel repeatedly has inquired as to the status of the request and, at the request of the SEC, has narrowed the request in a good-faith effort to expedite Defendant's search and production. Still, no documents have been produced by Defendant.

6.      Defendant admits that Plaintiff's counsel has had communications with representatives from the SEC's Office of FOIA Services and Office of the General Counsel since Plaintiff filed the FOIA Request. Defendant further admits that Plaintiff narrowed the FOIA Request. Defendant denies the remaining allegations in paragraph 6.

**Paragraph 7**: Defendant's continued delay raises a significant concern that it is engaged in gamesmanship. Proposed rules are expected within weeks according to media reports. *See* Charles Gasparino, @CGasparino, Twitter (Nov. 21, 2022, 11:38 AM), <https://twitter.com/cgasparino/status/1594732008697389056>; Katherine Doherty and Lydia Beyoud, *SEC to Push Bond and Option Brokers for Better Prices on Trades*, Bloomberg (Nov. 23, 2022), <https://www.bloomberg.com/news/articles/2022-11-23/sec-to-push-bond-and-option-brokers-for-better-prices-on-trades>. Because of Defendant's continuing delay in providing responsive materials, it now appears likely that Plaintiff will not receive responsive materials until after proposed rules already have been announced.

7.      Defendant admits that it proposed the Proposed Rules for public comment on December 14, 2022, but denies the remaining allegations in paragraph 7.

**Paragraph 8**: Defendant should not be permitted to evade production of responsive materials, until Plaintiff's ability to comment effectively on the proposed rules has expired. The need to have the requested information promptly is particularly acute given Defendant's recent and frequent practice of using short comment periods for newly-proposed rules, which severely limits the public's ability to provide meaningful responses to proposed rules. *See, e.g.*, Commissioner Mark T. Uyeda, *Statement on the Final Rule Related to Listing Standards for*

4

*Recovery of Erroneously Awarded Compensation*, U.S. Securities and Exchange Commission (Oct. 26, 2022), <www.sec.gov/news/statement/uyeda-statement-clawbacks-102622>; Commissioner Hester M. Peirce, *Exclusion Preclusion: Statement on the Shareholder Proposals Proposal*, U.S. Securities and Exchange Commission (July 13, 2022), <www.sec.gov/news/statement/peirce-statement-shareholder-proposals-proposal-071322>.

      8.     The first sentence of paragraph 8 contains conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations in the first sentence of paragraph 8. The allegations in the second sentence of paragraph 8 refer to Commissioner Uyeda's and Commissioner Peirce's public statements, which speak for themselves and are the best evidence of their contents, but to the extent a response is required, Defendant denies Plaintiff's characterization of those statements.

**Paragraph 9**: As demonstrated below, Defendant has engaged in a clear pattern of stonewalling and evasion in response to this FOIA request.

      9.     Defendant denies the allegations in paragraph 9.

**Paragraph 10**: National securities market participants and retail investors deserve information about the rulemaking process, including the sources of information received by the agency and the possibility of bias. Without that information, interested parties will be hamstrung in their ability to comment on the proposed rules, including the agency's weighing of the risks to investors and the market.

      10.     The allegations in paragraph 10 consist of conclusions of law and/or Plaintiff's characterization of relevant rule-making standards, to which no response is required.

**Paragraph 11**: To that end, Plaintiff seeks declaratory and injunctive relief to ensure that Defendant produces all responsive, non-exempt documents without further delay.

      11.     The allegations in paragraph 11 consist of Plaintiff's characterization of its lawsuit to which no response is required.

## RESPONSE TO "JURISDICTION AND VENUE"

**Paragraph 12**: This Court has jurisdiction under 28 U.S.C. § 1331.

      12.     Paragraph 12 contains conclusions of law relating to jurisdiction to which no response is required.

**Paragraph 13**:  Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 139l(e).  Plaintiff has its principal place of business in this District, and Defendant is an agency of the United States.

13.    The first sentence of paragraph 13 contains conclusions of law relating to venue to which no response is required.  Defendant admits that it is an agency of the United States, but denies the remaining allegations in the second sentence of paragraph 13 because it is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

### RESPONSE TO "PARTIES"

**Paragraph 14**:  Plaintiff Virtu Financial, Inc. is an American company that provides financial services, trading products and market making services with its principal place of business at 1633 Broadway, New York, NY 10019.  Plaintiff has a significant interest in SEC rulemaking concerning retail stock order handling and execution.

14.    Defendant denies the allegations in paragraph 14 because it is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

**Paragraph 15**:  Defendant is an agency of the United States within the meaning of 5 U.S.C. § 552(f)(1).  Its headquarters are located at 100 F Street, N.E., Washington, DC 20549.

15.    Defendant admits the allegations in paragraph 15.

### RESPONSE TO "SUBSTANTIVE ALLEGATIONS"

**Paragraph 16**:  FOIA requires Defendant promptly to make available all requested records that are not exempt from disclosure.  *See* 5 U.S.C. § 552(a)(3)(A); 17 C.F.R. § 200.80(b)(3).

16.    The allegations in paragraph 16 consist of conclusions of law to which no response is required, but to the extent a response is required, Defendant denies Plaintiff's incomplete characterization of the FOIA.

**Paragraph 17**:  FOIA requires Defendant to make reasonable efforts to search for records that are responsive to a request.  *See* 5 U.S.C. § 552(a)(3)(C).

17.    The allegations in paragraph 17 consist of conclusions of law to which no response is required, but to the extent a response is required, Defendant denies Plaintiff's incomplete characterization of the FOIA.

**Paragraph 18**:  FOIA requires Defendant to, among other things, respond to a request within twenty "working days," which exclude Saturdays, Sundays and legal public holidays.  5 U.S.C. § 552(a)(6)(A)(i); *see also* 17 C.F.R. § 200.80(d)(2).  Unless an exception applies, Defendant must notify the requester of its determination and the reasons for that determination.  *See* 5 U.S.C. § 552(a)(6)(A)(i); *see also* 17 C.F.R. § 200.80(d)(2).

18. The allegations in paragraph 18 consist of conclusions of law to which no response is required, but to the extent a response is required, Defendant denies Plaintiff's incomplete characterization of the FOIA.

**Paragraph 19**:  If Defendant does not meet its statutory obligations within the statutory deadline, administrative remedies are deemed exhausted and judicial review is appropriate.  *See* 5 U.S.C. § 552(a)(6)(C)(i).

19. The allegations in paragraph 19 consist of conclusions of law to which no response is required, but to the extent a response is required, Defendant denies Plaintiff's incomplete characterization of the FOIA.

**Paragraph 20**:  On June 21, 2022, Plaintiff's counsel submitted a FOIA request to Defendant on Plaintiff's behalf.  The request concerned communications between SEC officials and various national securities market participants regarding retail stock order handling and execution.  *See* Ex. A.

20. Defendant admits the allegations in the first sentence of paragraph 20.  The allegations contained in the second sentence of paragraph 20 consist of Plaintiff's characterization of its FOIA Request.  The FOIA Request speaks for itself and is the best evidence of its contents.

**Paragraph 21**:  Specifically, the FOIA request sought access to:
(a)   Records sufficient to show any persons or entities, including representatives of Exchanges, Market-Makers, Retail Broker-Dealers, Industry Organizations, or Other Market Participants, who had communications with the SEC regarding retail stock order handling and execution, the national best bid and offer (the "NBBO"), payment for order flow ("PFOF"), price improvement, the concept of order-by-order competition, or the routing of retail stock orders including to auctions.
(b)   To the extent not already produced in response to the previous request, records sufficient to show the location and time of communications between any persons or entities, including representatives of Exchanges, Market-Makers, Retail Broker-Dealers, Industry Organizations, or Other Market Participants, and the SEC regarding retail stock order

7

          handling and execution, the NBBO, PFOF, price improvement, the concept of order-by-order competition, or the routing of retail stock orders including to auctions.

(c)      To the extent not already produced in response to the previous requests, all records evidencing or concerning any communications between any persons or entities, including representatives of Exchanges, Market-Makers, Retail Broker-Dealers, Industry Organizations, or Other Market Participants, on the one hand, and the SEC, on the other hand, regarding retail stock order handling and execution, the NBBO, PFOF, price improvement, the concept of order-by-order competition, or the routing of retail stock orders including to auctions.

(d)      To the extent not already produced in response to the previous requests, all records evidencing or concerning the communications referenced in Chair Gary Gensler's public calendar set out in Appendix A to the Request.

(e)      To the extent not already produced in response to the previously requests, all records relating to the remarks of Chair Gensler at the June 8, 2022 Piper Sandler Global Exchange Conference, which are available at https://www.sec.gov/news/speech/gensler-remarks-piper-sandler-global-exchange-conference-060822.

21.      Defendant admits that Plaintiff submitted the FOIA Request, which is attached to Plaintiff's Complaint as Exhibit A, and that the allegations in paragraph 21 cite to part of that FOIA Request. The FOIA Request speaks for itself and is the best evidence of its contents.

**Paragraph 22**: The request set forth a non-exhaustive list of types of information to be included in the terms [sic] "record." Ex. A, at 2.

22.      The FOIA Request speaks for itself and is the best evidence of its contents.

**Paragraph 23**: The request defined the terms "Exchanges," "Market-Makers," "Retail Broker-Dealers," "Industry Organizations," and "Other Market Participants." *Id.* at 2-3, nn. 2-6.

23.      The FOIA Request speaks for itself and is the best evidence of its contents.

**Paragraph 24**: The request specified that the time period for the records requested is "April 1, 2021 to present." *Id.* at 2.

24.      The FOIA Request speaks for itself and is the best evidence of its contents.

**Paragraph 25**: On June 22, 2022, Defendant's Office of FOIA Services sent a letter to Plaintiff's counsel acknowledging receipt of the request, assigning tracking number 22-02323-FOIA to the request and advising that the request would be "assigned to a Research Specialist for processing" who would notify Plaintiff's counsel "of the findings as soon as possible." Ex. B.

25.      Defendant admits that it sent a letter to Plaintiff's counsel on June 22, 2022. The letter speaks for itself and is the best evidence of its contents.

**Paragraph 26**:  In the June 22 letter, Defendant stated that if Plaintiff's counsel did "not receive a response after thirty business days from when [Defendant] received [the] request," Plaintiff's counsel would have "the right to seek dispute resolution services from an SEC FOIA Public Liaison or the Office of Government Information Services (OGIS)."  Ex. B.

26. The letter referred to in paragraph 26 speaks for itself and is the best evidence of its contents.

**Paragraph 27**:  By statute, Defendant was required to respond to the request with a determination and the reasons for that determination by July 21, 2022, which was 20 working days from June 22.  *See* 5 U.S.C. § 552(a)(6)(A)(i).

27. The allegations in paragraph 27 state conclusions of law to which no response is required, but to the extent a response is required, Defendant denies the allegations.

**Paragraph 28**:  Defendant did not respond by July 21, 2022, or invoke any statutory exception to its obligation to respond.  Administrative remedies were therefore constructively exhausted as of July 21, 2022.

28. Defendant admits that other than the June 22, 2022 acknowledgement letter, it did not correspond with Plaintiff's counsel concerning the FOIA Request on or before July 21, 2022.  The remaining allegations in the first and second sentences of paragraph 28 state conclusions of law to which no response is required, but to the extent a response is required, Defendant denies the allegations.

**Paragraph 29**:  On July 29, 2022, Plaintiff's counsel sent another letter to the Office of FOIA Services, seeking a response to its request.  *See* Ex. C.

29. Defendant admits that Plaintiff's counsel sent a letter to the Office of FOIA Services on July 29, 2022.  The letter speaks for itself and is the best evidence of its contents.

**Paragraph 30**:  On August 2, 2022, the Office of FOIA Services sent a letter informing Plaintiff's counsel that it had "determined that [its] request is improper because the scope of the requested records is too broad."  Ex. D, at 2.  That letter also asked Plaintiff's counsel to "provide a succinct description of records [it] seek[s] (e.g., by specific staff member or office, topic/issue, etc.)" by August 15, 2022 "to indicate as specifically as possible what types of records [it is] requesting."  *Id.*

30.     Defendant admits that the Office of FOIA Services sent a letter to Plaintiff's counsel on August 2, 2022.  The letter speaks for itself and is the best evidence of its contents.

**Paragraph 31**:  The August 2 letter further stated that if Plaintiff's counsel "consider[ed] this response to be a denial of [its] request or an adverse determination for any other reason," Plaintiff's counsel could submit an appeal to the SEC's General Counsel under 5 U.S.C. § 552(a)(6) and 17 C.F.R. § 200.80(f)(1).

31.     Defendant admits that the Office of FOIA Services sent a letter to Plaintiff's counsel on August 2, 2022.  The letter speaks for itself and is the best evidence of its contents.

**Paragraph 32**:  On the same day, Plaintiff's counsel sent a letter to the Office of FOIA Services. Plaintiff's counsel rejected Defendant's characterization of the FOIA request and, in a good-faith effort to resolve the dispute, narrowed the request to include only nine custodians at the SEC. *See* Ex. E.

32.     Defendant admits that Plaintiff's counsel sent a letter to the Office of FOIA Services on August 2, 2022.  The letter speaks for itself and is the best evidence of its contents.

**Paragraph 33**:  The August 2 letter from Plaintiff's counsel also asked that materials responsive to the request be provided to it no later than August 16, 2022. *Id.* at 2.

33.     The letter referred to in paragraph 33 speaks for itself and is the best evidence of its contents.

**Paragraph 34**:  On August 23, 2022, Plaintiff's counsel sent a letter to Defendant's Office of the General Counsel appealing Defendant's failure to provide responsive documents on a timely basis.  Ex. F.

34.     Defendant admits that Plaintiff's counsel sent a letter to the Office of the General Counsel on August 23, 2022.  The letter speaks for itself and is the best evidence of its contents.

**Paragraph 35**:  On August 24, 2022, the Office of FOIA Services sent a letter acknowledging receipt of the appeal on August 23, 2022, and assigning tracking number 22-00526-APPS for processing by the Office of the General Counsel.  *See* Ex. G.

35.     Defendant admits that the Office of FOIA Services sent a letter to Plaintiff's counsel on August 24, 2022.  The letter speaks for itself and is the best evidence of its contents.

**Paragraph 36**:  On September 6, 2022, the Office of the General Counsel sent Plaintiff's counsel a letter in response to the August 24 appeal.  That letter "confirmed that the FOIA Office

is still reviewing [the] narrowed FOIA request" and "remand[ed] this matter to the FOIA Office and request[ed] that the FOIA Officer process this request **as expeditiously as possible**." Ex. H, at 1 (emphasis added).

36. Defendant admits that the Office of the General Counsel sent a letter to Plaintiff's counsel on September 6, 2022.  The letter speaks for itself and is the best evidence of its contents.

**Paragraph 37**: Also on September 6, 2022, Plaintiff's counsel emailed the Office of FOIA Services, referring to the Office of the General Counsel's letter dated that same day and seeking an update on the status of its request. Ex. I, at 17 (email string with email communications between Plaintiff's counsel, the Office of FOIA Services and/or the Office of the General Counsel of the SEC from Aug. 26, 2022 to Oct. 31, 2022).

37. Defendant admits that Plaintiff's counsel sent an email to the Office of FOIA Services on September 6, 2022. The email speaks for itself and is the best evidence of its contents.

**Paragraph 38**: On September 12, 2022, Plaintiff's counsel sent another email to the Office of FOIA Services. Plaintiff's counsel once again requested an update on the status of its request. *Id.* at 16.

38. Defendant admits that Plaintiff's counsel sent an email to the Office of FOIA Services on September 12, 2022.  The email speaks for itself and is the best evidence of its contents.

**Paragraph 39**: On September 13, 2022, a representative of the Office of FOIA Services emailed Plaintiff's counsel, stating that the office was "awaiting the results of [the] modified request" and that the Office of FOIA Services did not "have an estimated time of completion." *Id.*

39. Defendant admits that the Office of FOIA Services sent an email to Plaintiff's counsel on September 13, 2022.  The email speaks for itself and is the best evidence of its contents.

**Paragraph 40**: On September 14, 2022, Plaintiff's counsel emailed the Office of FOIA Services and asked for an update on "when we should expect to receive responsive materials as soon as possible." *Id.* at 15.

11

40.     Defendant admits that Plaintiff's counsel sent an email to the Office of FOIA Services on September 14, 2022.  The email speaks for itself and is the best evidence of its contents.

**Paragraph 41**:  Between September 22 and October 11, 2022, Plaintiff's counsel exchanged eight more emails with the Office of FOIA Services and the Office of the General Counsel. Plaintiff's counsel requested updates on the status of the FOIA request, and representatives of Defendant stated that the request was still being processed.  *Id.* at 10-15.

41.     Defendant admits that between September 22, 2022 and October 11, 2022, Plaintiff's counsel, the Office of FOIA Services, and the Office of the General Counsel exchanged emails concerning the FOIA Request.  The emails speak for themselves and are the best evidence of their contents.

**Paragraph 42**:  On October 11, 2022, the Office of FOIA Services sent Plaintiff's counsel an email stating that it "anticipate[d] a search completion date between December 2022 – January 2023."  *Id.* at 11.

42.     Defendant admits that the Office of FOIA Services sent an email to Plaintiff's counsel on October 11, 2022.  The email speaks for itself and is the best evidence of its contents.

**Paragraph 43**:  Between October 21 and October 31, 2022, Plaintiff's counsel and the Office of the General Counsel exchanged additional emails and participated in two telephone calls to discuss the scope and speed of Defendant's search for responsive materials.  Among other things, on October 21, Plaintiff's counsel informed Defendant that it "strongly object[s] to the continued delay and [the] proposed timeline for production in December 2022 or January 2023."  *Id.* at 10. Plaintiff's counsel also agreed to further narrow the request, on the condition that it receive a good-faith initial production of responsive materials by November 11, 2022.

43.     Defendant admits that between October 21, 2022 and October 31, 2022, Plaintiff's counsel and the Office of the General Counsel exchanged additional emails and participated in two telephone calls concerning the FOIA Request.  The emails referred to in paragraph 43 speak for themselves and are the best evidence of their contents.

**Paragraph 44**:  Plaintiff's counsel made clear the purpose of the request and the need for a prompt response.  On October 21, 2022, Plaintiff's counsel emailed representatives of the Office of the General Counsel and Office of FOIA Services, expressing a concern "that the continuing delay in providing us with responsive materials violates our rights (and the agency's obligations)

under FOIA and could render the process futile." *Id.*  Plaintiff's counsel emphasized that the "requests are intended to obtain information regarding the national securities market rulemaking process including, among other things, whether there has been an appropriate evaluation of investor/market risk, whether the agency has solicited input from sufficiently broad and informed sources and whether there has been a bias in the rule development process." *Id.*  Plaintiff's counsel highlighted the concern that it was becoming "possible that we may not receive responsive materials until after the proposed rules already have been announced," which "could completely defeat [the] ability to have a positive impact on the process." *Id.*  The email further stated: "It is inconceivable that some responsive documents have not already been collected. There is no reason that we should have to wait until the end of the protracted process . . . before beginning to receive materials." *Id.*

44. Defendant admits that Plaintiff's counsel sent an email to the Office of the General Counsel and the Office of the FOIA Services on October 21, 2022.  The email speaks for itself and is the best evidence of its contents.

**Paragraph 45**:  On November 10, 2022, Plaintiff's counsel received an Interim Decision from the Office of FOIA Services, stating that Defendant had completed its search "for all for [*sic*] non-email correspondence with external parties relating to the National Securities Market Rulemaking and the meetings identified in Appendix A to your request." Ex. J, at 3.  The Interim Decision further stated that Defendant's "search did not locate any responsive non-email correspondence." *Id.*  The Interim Decision also stated that Defendant did not locate "any responsive text messages with external parties that relate to the National Securities Market Rulemaking or contain any of the [above-referenced] six search terms." *Id.*  The Interim Decision noted that Defendant anticipated it would "be able to complete the remaining text message searches (for Chair Gensler and Sai Rao) in the next seven to ten days" and that Defendant would "advise [Plaintiff's counsel] of the search results shortly thereafter." *Id.*  The Interim Decision further noted that Defendant "anticipate[d] receiving the email search results within the next two weeks" and would "provide interim releases on a rolling basis."  Finally, Defendant stated its intention to send "either, a progress update or a third interim response, no later than November 23, 2022." *Id.*

45. Defendant admits that the Office of FOIA Services sent a letter to Plaintiff's counsel on November 10, 2022 containing Defendant's Second Interim Response to the FOIA Request.  The letter speaks for itself and is the best evidence of its contents.

**Paragraph 46**:  Despite its stated intention and consistent with its pattern of stonewalling and delay, Defendant failed to provide a progress update or any further response on or prior to November 23, 2022.

46. Defendant admits that it did not provide an interim response to Plaintiff's counsel between November 11, 2022 and November 23, 2022, but provided interim responses to

Plaintiff's counsel on December 16, 2022 and December 30, 2022, and denies the remaining allegations in paragraph 46.

**Paragraph 47**:  To date, Defendant has produced no responsive materials in response to the FOIA request, although such materials obviously exist.  The failure by Defendant to provide the requested materials is irresponsible, unreasonable and a blatant violation of Defendant's obligations under FOIA.

      47.     Defendant denies the allegations in paragraph 47.

**Paragraph 48**:  Plaintiff is suffering irreparable harm because Defendant is unlawfully withholding requested records.

      48.     The allegations in paragraph 48 state conclusions of law to which no response is required, but to the extent a response is required, Defendant denies the allegations.

## RESPONSE TO "COUNT I"

**Paragraph 49**:  Plaintiff re-alleges and incorporates by reference paragraphs 1 through 48 of this Complaint.

      49.     To the extent Plaintiff re-alleges paragraphs 1-48 in paragraph 49, Defendant reasserts its answers to those paragraphs.

**Paragraph 50**:  The FOIA request was sent to Defendant's Office of FOIA Services, the agency component designated by Defendant to receive FOIA requests directed to Defendant.  The FOIA request was received by that office on June 22, 2022.  The 20-day period to respond commenced on June 23, 2022.  Excluding weekends and legal public holidays, Defendant was required to make its determination and provide the required response by July 21, 2022.  Defendant failed to notify Plaintiff's counsel of its determination and the reasons for its determination by July 21, 2022.

      50.     Defendant admits the allegations in the first two sentences of paragraph 50 and admits that it did not notify Plaintiff's counsel of a determination by July 21, 2022.  The remaining allegations in paragraph 50 state conclusions of law to which no response is required, but to the extent a response is required, Defendant denies the allegations.

**Paragraph 51**:  Defendant has failed to undertake a reasonable search and reasonably respond to the FOIA request.  Indeed, Defendant has failed to produce any records responsive to the request or demonstrate that responsive records are exempt from production.

51.     The allegations in the first sentence of paragraph 51 state conclusions of law to which no response is required, but to the extent a response is required, Defendant denies the allegations.  Defendant denies the allegations in the second sentence of paragraph 51.

**Paragraph 52**:  Defendant has not invoked any unusual circumstances that would justify its delay.

52.     The allegations in paragraph 52 state conclusions of law to which no response is required, but to the extent a response is required, Defendant denies the allegations.

**Paragraph 53**:  Plaintiff is entitled to declaratory and injunctive relief for Defendant's delay and unlawful withholding of documents under FOIA.  *See* 5 U.S.C. § 552(a)(4)(B).

53.     The allegations in paragraph 53 state conclusions of law to which no response is required, but to the extent a response is required, Defendant denies the allegations.

## RESPONSE TO "PRAYER FOR RELIEF"

WHEREFORE, Plaintiff seeks an order:
(a) requiring Defendant to conduct a reasonable search for all records responsive to the subject FOIA request;
(b) enjoining Defendant from continuing to withhold non-exempt records responsive to the subject FOIA request;
(c) setting a reasonable deadline for Defendant to produce all non-exempt records responsive to the subject FOIA request and a *Vaughn* index of any responsive records, or portions thereof, withheld as exempt;
(d) declaring that Defendant's actions violated Plaintiff's rights under FOIA;
(e) awarding Plaintiff its reasonable attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and
(f) granting all further relief to which Plaintiff may be entitled.

The remaining allegations of Plaintiff's Complaint constitute a prayer for relief, to which no response is required.  To the extent a response is required, Defendant denies that Plaintiff is entitled to the relief requested or to any relief whatsoever.  Any allegation not specifically addressed is denied.

## AFFIRMATIVE DEFENSES

1. Plaintiff's FOIA request is improper and does not meet the requirements under the FOIA or the rules that the SEC follows in processing requests for records under the FOIA.

2. Plaintiff's Complaint fails to state a claim upon which relief can be granted as Defendant has not improperly withheld any documents under the FOIA.

3. "Exceptional circumstances" exist, within the meaning of 5 U.S.C. 552(a)(6)(C), that prevented Defendant from processing the FOIA request at issue within the statutory timeframe.

4. Defendant exercised due diligence in responding to the FOIA request at issue.

5. Defendant is entitled to withhold from production certain documents or portions of documents pursuant to certain exemptions under 5 U.S.C. § 552(b).

6. Plaintiff is not entitled to costs or fees.

WHEREFORE, having fully answered, Defendant prays for judgment as follows:

1. For an Order dismissing Plaintiff's Complaint in its entirety with prejudice;

2. Enter judgment in its favor and against Plaintiff;

3. For such other and further relief as the Court may deem just and proper.

Dated:  January 9, 2023                             Respectfully submitted,

/s/ Alexandra Verdi
Alexandra Verdi
U.S. Securities and Exchange Commission
S.D.N.Y. Bar No. MV0225
100 F Street, NE
Washington, DC  20549-9612
Telephone: (202) 551-5057
Facsimile: (202) 772-9263
Email: VerdiM@sec.gov

Michael S. Bailey (*Pro Hac Vice* motion pending)
U.S. Securities and Exchange Commission
D.C. Bar No. 983676
100 F Street, NE
Washington, DC  20549-9612
Telephone: (202) 551-7428
Facsimile: (202) 772-9263
Email: BaileyM@sec.gov

*Counsel for United States Securities and Exchange Commission*

## CERTIFCATE OF SERVICE

I hereby certify that on January 9, 2023, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of the filing to the attorneys of record.

/s/ Alexandra Verdi
U.S. Securities and Exchange Commission